UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| HARMONY WEST ASHLEY, LLC and STEFAN HOYER,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>CITY OF CHARLESTON, SOUTH CAROLINA,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 2:19-cv-2579<br><br>**Opinion and Order** |

　　　　This matter is before the Court on Proposed Intervenor-Defendant South Carolina Coastal Conservation League's ("CCL") motion to intervene as a Defendant in this action. (ECF No. 28.) For the reasons set forth in this order the motion to intervene is denied.

## **BACKGROUND**

　　　　Plaintiff Harmony West Ashley, LLC ("Harmony") is a South Carolina limited liability real-estate development corporation. Plaintiff Stefan Hoyer ("Hoyer") is a resident of Florida who conducts business with Harmony in South Carolina. Harmony and Hoyer (collectively "Plaintiffs" or "Developers") sought to develop a 166.3-acre tract of land in the Church Creek Basin ("Proposed Development"), which includes and is adjacent to freshwater and tidal wetlands within the City of Charleston ("City"). On January 13, 2015, the City Council gave second reading to and enacted Ordinance No. 2015-003, which rezoned the subject property as a Planned Unit Development. Subsequent to this approval, the Developers continued with the regulatory review process that would ultimately result in the issuance of building permits, including the City's Technical Review Committee process. However, following several successive storms and flooding events

1

from 2015 to 2017, the City enacted a temporary moratorium on residential construction. During the moratorium, the City commissioned a study pertaining to drainage and stormwater issues within the Church Creek Basin. On September 18, 2018, the City enacted Ordinance No. 2018-115 which amended Section 3.1 of the Stormwater Design Standards Manual that was applicable to projects located within the Church Creek Basin. The Plaintiffs, in part, challenge the applicability of those stormwater standards. Plaintiffs generally assert that moratoria, delay, and overregulation by the City have impeded and ultimately precluded the Proposed Development, causing financial damage to Plaintiffs.

On August 12, 2019, Harmony brought suit against the City alleging federal constitutional claims under the Fifth and Fourteenth Amendments, as well as state law causes of action for inverse condemnation, regulatory taking, and promissory estoppel. The case was removed to this Court on September 12, 2019. Hoyer was joined in an amended complaint filed on April 22, 2020 and pleads a state law cause of action for interference with prospective contractual relations, which is based on the allegation that, although not an owner of the subject property, he is entitled to a share of any profits realized from the Proposed Development. Plaintiffs are not seeking declaratory or injunctive relief, but monetary relief only.

CCL is a South Carolina nonprofit environmental advocacy organization with an interest in protecting the safety and quality of life of the region's citizens. CCL asserts that the Church Creek Basin is one of Charleston's most flood-prone regions, with hundreds of homes, businesses, and community resources having endured severe, repetitive flood damage over the past several years. CCL contends the Proposed Development would harm the environment and endanger the health and safety of the citizens in this flood-

prone area, rendering the Proposed Development environmentally and ecologically irresponsible.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide two avenues for intervention relevant to this case:

> Under Rule 24(a)(2), a district court must permit intervention as a matter of right if the movant can demonstrate "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991). If intervention of right is not warranted, a court may still allow an applicant to intervene permissively under Rule 24(b), although in that case the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

*Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004) (itemizing timeliness of the intervention request as a threshold requirement in addition to the three requirements set forth in *Stuart*) (citing *In re Richman*, 104 F.3d 654, 658 (4th Cir. 1997)).

## DISCUSSION

### A. Timeliness of Request to Intervene

As a threshold matter, the Court considers whether CCL's motion to intervene is timely. In deciding the timeliness of such a motion, a court evaluates three factors: (1) how far the suit has progressed; (2) the prejudice which delay might cause the other parties; and (3) the reason for tardiness in moving to intervene. *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). When CCL's motion was filed this action was in its early

stages. The case was removed from the Charleston County Court of Common Pleas on September 12, 2019. CCL filed its motion to intervene on July 7, 2020. The Court entered a Fourth Amended Scheduling Order on July 15, 2020, and subsequently extended the case deadlines again in a Fifth Amended Scheduling Order on January 13, 2021. Under the current scheduling order, the dates for discovery (August 9, 2021), mediation (August 9, 2021), and dispositive motions (September 10, 2021) have not yet passed. The existing parties have not made any showing that they would suffer prejudicial delay. Moreover, in the early months of 2020 the COVID-19 pandemic introduced significant logistical and resource challenges for parties, counsel, and courts across the litigating spectrum, which challenges CCL has cited as contributing to its delay in filing the motion to intervene. (*See* ECF No. 35 at 3.) Accordingly, the Court finds that CCL has satisfied the requirement that its motion be timely both for purposes of intervention of right and permissive intervention. *See, e.g.*, *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259–60 (11th Cir. 2002) (finding motion to intervene filed six months after receiving notice of suit not untimely though discovery was nearly complete because intervention would not delay the proceedings).

### B. Intervention as a Matter of Right

"To intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), the moving party must show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981). As to the first element, the Fourth Circuit looks for a "significantly protectable

4

interest." *Teague*, 931 F.2d at 261. An applicant for intervention has a "significantly protectable interest" in the subject matter of the litigation when a party "stand[s] to gain or lose by the direct legal operation of the district court's judgment." *Id.* The interest in the subject matter of the litigation must be "direct and substantial," *In re Richman*, 104 F.3d at 659, as opposed to an interest that is "too collateral, indirect, and insubstantial to support intervention as of right," *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996).

CCL argues that it has a protectable interest in the outcome of this litigation because prior development of the Church Creek Basin has impaired the ability of wetlands and open space that formerly served as water storage to absorb the impact of heavy rains and has led to significant flooding and water quality issues. (ECF No. 28-1 at 6–7.) Further development in this area, CCL contends, would subject current residents to increased flooding and irreparably harm a variety of recreational and aesthetic purposes to which the land is now put. (*Id.* at 7–8.) CCL argues that its participation in this case is key to understanding the scientific and environmental impacts posed by the Proposed Development. (*Id.* at 7.) CCL's aim is to prevent any legal outcome that could lead to approval of the Proposed Development.

While it may be true that CCL's expertise in environmental matters could be of assistance to the Court in understanding the second and third order effects of this case (*see* Amicus Curiae section *infra*), the Court finds that CCL does not have a significantly protectible interest in this litigation because its interest is not direct and substantial. In essence, CCL's interests involve preventing development in the Church Creek Basin and preservation of the Basin's environmental resources on behalf of CCL's members and

local residents. But Plaintiffs are seeking only monetary relief for the City's actions that allegedly interfered with property rights and violated substantive and procedural due process. The extent to which the subject property will be developed in the future is not at issue in this case. There is no claim for declaratory, injunctive, or prospective relief. This action for money damages will not directly affect the flow of Church Creek, drainage issues in the Church Creek Basin, or any of the environmental concerns that CCL has articulated. As a result, CCL cannot show that it "stand[s] to gain or lose by the direct legal operation of the [Court's] judgment." *Teague*, 931 F.2d at 261. The U.S. Court of Federal Claims has recognized, "In a takings case, where the sole direct result of a judgment in favor of the plaintiff is a monetary award from the government, and where the proposed intervenor does not have an interest in the plaintiff's property, the proposed intervenor has only an indirect interest in the litigation." *Wolfsen Land & Cattle Co. v. United States*, 98 Fed. Cl. 507, 513 (2011) (citation omitted). CCL's indirect interest is not sufficient to support intervention as matter of right under the circumstances. To the extent that CCL would seek relief not requested by the existing parties, such as findings that would control future use of the subject property, CCL lacks Article III standing to intervene for that purpose. *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) (holding that an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing).

The Court's finding that CCL lacks the required interest in the subject matter of this action obviates the need to address the remaining two requirements for intervention of right. Accordingly, the Court holds that CCL does not have a right to intervene in this

6

action under Rule 24(a)(2), and the motion to intervene on that basis is denied.

### C. Permissive Intervention

Federal Rule of Civil Procedure 24(b) allows the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Although the decision to allow permissive intervention is discretionary, "some standards have been developed to guide the courts in making intervention determinations." *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982).

In the Fourth Circuit, the following four criteria have been established as required for permissive intervention, either by the text of Rule 24(b) itself or by case law interpreting the rule: (1) the motion is timely; (2) the potential intervenor's claim or defense and the main action have a question of law or fact in common; (3) there exists an independent ground of subject matter jurisdiction; and, (4) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004).

As noted above, CCL lacks standing in this matter as it is currently pled by Plaintiffs and there is no independent ground of subject matter jurisdiction. The interests that CCL seeks to vindicate will not be directly affected by the resolution of this case. The Developers' claims for damages against the City are based on property rights secured by the United States Constitution and the Constitution of South Carolina. Those constitutional claims are paired with common law claims relating to alleged losses and

damages suffered by the Developers as a result of the City's actions and regulations. Obviously, the eventual outcome of the Developers' claims is not known at this stage. It is equally apparent that CCL's stated interests will not be directly affected by that outcome.

In its memorandum, CCL states that its proposed answer "seeks to defend the safeguards in place to protect the Church Creek Basin and its members from further, continued damage—safeguards Plaintiffs seek to invalidate." (ECF No. 28-1 at 13.) These "safeguards" relate to the ordinances and regulations adopted by the City that had the effect of stopping the Proposed Development from moving forward, the same municipal actions that the Developers aver have retroactively interfered with property rights previously granted. In such a case, the government body that created the "safeguards" is the entity that possesses the interest needed to defend them against attack. *See Stuart*, 706 F.3d at 351 ("[W]hen a statute comes under attack, it is difficult to conceive of an entity better situated to defend it than the government"). CCL and the City's interests overlap in certain ways but are not coextensive. The Court finds that allowing intervention under the present circumstances is inadvisable because the addition of CCL would complicate the City's task in defending this litigation, potentially interfering both with litigation strategy and settlement strategy. Accordingly, the Court declines to exercise its discretion to permit permissive intervention and the motion to intervene on that basis is denied.

### C. Amicus Curiae

The Court does not wish to discount CCL's willingness to offer its insight and expertise on the collateral environmental issues raised by this litigation. However, that

role can be fulfilled without making CCL an intervenor. As the Fourth Circuit recognized in *Stuart*, "Our decision [affirming the district court's denial of intervention of right and permissive intervention] does not leave appellants without recourse. Appellants retain the ability to present their views in support of the Act by seeking leave to file amicus briefs both in the district court and in this court." 706 F.3d at 355 (citation omitted). "While a would-be intervenor may prefer party status to that of friend-of-court, the fact remains that amici often make useful contributions to litigation." *Id.* Here the Court concludes that CCL's participation as an amicus would satisfy its asserted need for intervention. Accordingly, should CCL wish to participate in that role, the Court will welcome its application to submit an amicus brief at an appropriate time.

## CONCLUSION

For the reasons set forth above, South Carolina Coastal Conservation League's motion to intervene (ECF No. 28) is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 3, 2021
Greenville, South Carolina